IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CATHETER CONNECTIONS, INC. and UNIVERSITY OF UTAH RESEARCH FOUNDATION,<br><br>                    Plaintiffs,<br><br>vs.<br><br>IVERA MEDICAL CORPORATION,<br><br>                    Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:12-cv-748 |

      Defendant Ivera Medical Corporation (Ivera) has filed a motion to dismiss in the above-captioned matter.  Ivera claims that Plaintiffs Catheter Connections, Inc. (Catheter Connections) and University of Utah Research Foundation (UURF) have failed to plead factual allegations sufficient to render their claim of patent infringement plausible.

      In their complaint, Plaintiffs allege "upon information and belief" that Ivera is making, using, and selling products, including "at least the Ivera Cap," that will complete with Plaintiffs' patent-protected DualCap System™ for the purpose of disinfecting "male luer" connectors in IV tubing.  (Compl. ¶¶ 9, 15.)  Ivera contends that these accusations do not pass muster under the pleading requirements established by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Theses cases require that a complaint contain more than a mere "formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Ivera argues that Plaintiffs have

failed to provide any details identifying the product and technology that allegedly infringes Plaintiffs' patent. As a result, Ivera asks the court to dismiss the complaint.

Plaintiffs rely on Form 18 from the Appendix of Forms following the Federal Rules of Civil Procedure, which requires only "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling and using [the device] embodying the patent;' (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for injunction or damages." McZeal v. Spring Nextel Corp., 501 F.3d 1354, 1356-57 (Fed. Cir. 2007); see also Fed. R. Civ. P. Form 18. The Federal Circuit has held that the courts should look to Form 18 and not to Iqbal in order to assess the appropriate pleading requirements in a direct infringement case. See In re Bill of Lading Transmission & Processing Sys. Patent Litigation, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (holding that "to the extent the parties argue that Twombly and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control.").

But even if Form 18 provides limited requirements for the satisfaction of pleading standards, Plaintiffs' complaint still fails to meet them. Form 18 requires a plaintiff to allege that a defendant's device "embod[ies] the patented invention." Fed. R. Civ. Pro. Form 18. Here, the Plaintiffs have not made any factual allegations to describe the technology employed by Ivera in the "Ivera Cap." As Ivera notes, even the existence of the "Ivera Cap" is only pled on "information and belief." The complaint contains no identifying information such as the name or model number of the allegedly infringing device. Plaintiffs cannot simply allege that Ivera produces a device that achieves the same purpose as Plaintiffs' patented device. As a result, the court GRANTS Ivera's motion to dismiss (Dkt. No. 8).

Plaintiffs have requested that, if Ivera's motion is granted, the court also grant Plaintiffs leave to amend their complaint. Because such an amendment may allow the Plaintiffs to cure the deficiencies that the court has noted above, the court grants Plaintiffs' request. Plaintiffs must file their amended complaint by October 5, 2012, or this action will be dismissed.

SO ORDERED this 21st day of September, 2012.

BY THE COURT:

*Tena Campbell*

_____
TENA CAMPBELL
United States District Judge